IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MITCHELL RAE BECKWITH**,

    Plaintiff,

v.

**NICOLE MORRSEY O'DONNELL**,

    Defendant.

Case No. 3:23-cv-353-SI

**ORDER**

**Michael H. Simon, District Judge.**

    Plaintiff Mitchell Rae Beckwith, representing himself, brings this prisoner civil rights case against Defendant Multnomah County Sheriff Nicole Morrisey O'Donnell.[1] Plaintiff has been held in custody since November 2019, when he was charged with 38 different crimes. In his Complaint, Plaintiff asserts that Defendant failed to comply with a state court order directing that Plaintiff be transported to the Oregon State Hospital (OSH) and seeks an order from the Court directing Defendant to provide that transport. In addition, Plaintiff asserts violations of his constitutional rights based on his allegedly having been denied medication, denied food, and held in his cell without being able to use the phone.

    On August 30, 2023, Defendant moved to dismiss this case for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, and for failure to state a claim under Rule 12(b)(6), understanding the Court to have construed Plaintiff's complaint as

---

[1] Defendant's middle name, Morrissey, is misspelled in the case caption.

asserting only one claim. On October 11, 2023, the Court issued an Order clarifying that it had not limited Plaintiff's complaint to only one claim and permitting Defendant to file a supplemental motion to dismiss. Defendant filed a supplemental motion to dismiss, reasserting her arguments against Plaintiff's claim regarding transport and arguing that Plaintiff fails to state any other claim. Plaintiff sought an extension of time to respond to Defendant's supplemental motion, which the Court granted. Plaintiff, however, has not filed a response to Defendant's supplemental motion to dismiss. For the reasons discussed below, the Court grants Defendant's motions to dismiss.

## STANDARDS

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject-

matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Safe Air for Everyone*, 373 F.3d at 1039. A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039)).

Defendant brings a factual challenge to the Court's subject matter jurisdiction. When a defendant factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012); *Robinson*, 586 F.3d at 685; *Safe Air for Everyone*, 373 F.3d at 1039. A factual challenge "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (citation and quotation marks omitted).

**B. Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) of the Federal Rules of Civil Procedure**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint

and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## C.  *Pro se* Pleading Standard

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon*

PAGE 4 – ORDER

*Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

**A. Transportation Claim**

Plaintiff alleges that Defendant failed to comply with a state court order directing that Defendant be transported to OSH, and Plaintiff seeks an order from the Court directing Defendant to provide that transport. The Court concludes that Plaintiff's claim regarding transport to OSH is moot.

As Defendant explains, the purpose of the state court order directing the Sheriff's Office to transport Plaintiff to OSH was for a fitness evaluation pursuant to Oregon Revised Statutes § 161.365, which governs procedures for determining a criminal defendant's fitness to aid and assist in his own defense. Plaintiff, who has not responded to Defendant's motion, does not dispute this contention, nor do Plaintiff's allegations show otherwise. The docket in Plaintiff's criminal case indicates that on August 18, 2023, the state filed a psychological evaluation from

PAGE 5 – ORDER

OSH that included a fitness recommendation.[2] Thus, the state court has accepted the evaluation that the court sought to have produced through its order.[3] Accordingly, the Court concludes that Plaintiff's claim regarding transport to OSH is moot and dismisses that claim for lack of subject-matter jurisdiction under Rule 12(b)(1).[4]

**B. Additional Claims**

As discussed, Plaintiff alleges violations of his constitutional rights based on his allegedly having been denied medication, denied food, and held in his cell without being able to use the phone.[5] In her supplemental motion to dismiss, Defendant moves to dismiss those remaining claims under Rule 12(b)(6) for failure to state a claim. According to Defendant,

---

[2] *See* McIntyre Decl. Ex 110 (Register of Actions) at 9-10 (ECF 17 at 12-13). The state court docket currently indicates that Plaintiff's defense counsel seeks to contest the OSH report through a private evaluation and that a final determination regarding Plaintiff's fitness to proceed is pending. *See* Register of Actions, *State v. Beckwith*, No. 19CR75211 (Multnomah Cnty. Cir. Ct.) (docket last accessed March 7, 2024).

[3] On August 9, 2023, the Sherriff's Office attempted to transport Plaintiff to OSH for a scheduled evaluation, but OSH refused to accept Plaintiff for an in-person evaluation because he had covered himself in feces. That same day, the evaluator stated that he intended to develop a fitness recommendation based on documentation of Plaintiff's behavior from jail staff and from jail medical and treatment records, and that the evaluator would reschedule the in-person interview if he was unable to develop a recommendation based on that documentation and those records. *See* Child Decl. Ex. 109 at 1-2 (ECF 14 at 5-6).

[4] Because the Court dismisses Plaintiff's transport claim for lack of subject-matter jurisdiction, the Court need not reach Defendant's alternative asserted ground for dismissal under Rule 12(b)(6). If, however, Plaintiff intended to seek damages and not only injunctive relief for this claim, the Court finds that Plaintiff fails to state a claim for damages. Plaintiff fails to allege facts sufficient to show that Defendant violated Plaintiff's rights or caused Plaintiff damages with respect to this claim.

[5] Plaintiff asserts the following: (1) "I have been denied my Medication several times by Demons that control this Illuminati Lair. I have been sick and headaches. Just now I no longer am being offered meds here. My Dad thinks I'm sick. But I'm doing great!"; (2) "I have been denied food because I had poop in my window protecting me from Demons."; and (3) "[P]oop in room. Would not move me so I could come out and use the phone. I don't know how to clean and was told I would come out if I cleaned[.] I wanted to try but Demons give me no supplies." ECF 2 at 3-4.

PAGE 6 – ORDER

Plaintiff has failed to plead specific facts demonstrating a plausible chance of success. *See Starr*, 652 F.3d at 1216.[6]

Plaintiff has not responded to Defendant's supplemental motion arguing for dismissal on that ground. The Court therefore deems Plaintiff to have conceded those arguments. *See, e.g., Walsh v. Nev. Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (holding that a plaintiff who asserts a claim in a complaint "but fails to raise the issue in response to a defendant's motion to dismiss" that claim, "has effectively abandoned [that] claim"); *see also Maldonado v. City of Ripon*, 2021 WL 2682163, at *8 (E.D. Cal. June 30, 2021) (similar). Accordingly, the Court dismisses Plaintiff's remaining claims.

## CONCLUSION

The Court GRANTS Defendant's motions to dismiss (ECF 12, 16). The Court DISMISSES with prejudice Plaintiff's claim related to Defendant's alleged failure to transport Plaintiff to OSH. The Court DISMISSES without prejudice Plaintiff's remaining claims.

**IT IS SO ORDERED**.

DATED this 12th day of March, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[6] Defendant states that Plaintiff cannot satisfy the requirements of an Eighth Amendment claim, but criminal defendants who sue prison officials for injury suffered while in custody but who have not yet been convicted must bring their constitutional claims under the Fourteenth Amendment, not the Eighth Amendment. *See, e.g., Gordon v. County of Orange*, 888 F.3d 1118, 1122-25 (9th Cir. 2018) (contrasting the Eighth Amendment standard with the Fourteenth Amendment standard for purposes of claims involving alleged violations of the right to adequate medical care). The Court concludes, however, that because Plaintiff has conceded his claims by failing to respond, Defendant's citation to the incorrect standard is harmless.